UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY A. SCHROYER, M.D.,

    Plaintiff,

v.

DR. STAFFORD HENRY and RUSH
BEHAVIORAL HEALTH, INC.,

    Defendants.

Case No. 06-cv-592-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Gregory A. Schroyer's ("Schroyer") motion for a temporary restraining order and preliminary injunction (Doc. 2), motion for service of process at the government's expense (Doc. 3), motion for leave to proceed *in forma pauperis* (Doc. 4) and motion for appointment of counsel (Doc. 5). Schroyer brings this action under Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 - 12189, which prohibits discrimination on the basis of disability in places of public accommodation. Schroyer, a doctor, complains because the Illinois Department of Professional Regulation ("IDPR") demanded that he submit to a physical and mental evaluation to determine his competency to practice medicine. The IDPR arranged for the defendants to conduct that evaluation, and the defendants found Schroyer to be incompetent to practice medicine. Schroyer contends that the evaluation was based on a misconception of his disability – alcoholism or the perception of being disabled by alcoholism – and on the fees paid by IDPR to the defendants to perform such evaluations. He further contends that the factors evaluated in the defendants' exam do not actually measure a physician's ability or competency to practice medicine. He also brings a state law claim for slander. The Court begins with Schroyer's motion for leave to proceed *in forma*

*pauperis* (Doc. 4).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court should dismiss a case under this provision "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (internal quotations omitted).

The Court must deny Schroyer's motion because he cannot prove his ADA claim under any set of facts consistent with those in the complaint, and that claim must be dismissed. As a consequence, the Court has no jurisdiction over Schroyer's state law slander claim.

Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" by the owner, lessee, or operator of such a place." 42 U.S.C. § 12182(a). A professional office of a health care provider qualifies as "public accommodations." 42 U.S.C.A. § 12181(7)(F). However, Schroyer is not complaining that the defendants refused to evaluate him. He simply disagrees with the results of that evaluation. A faulty evaluation does not violate Title III of the ADA.

To the extent that Schroyer is asserting a claim that the defendants violated the provision of the ADA dealing with examinations relating to professional licensure, that claim cannot succeed. The ADA provides, "Any person that offers examinations . . . related to . . . licensing, certification, or credentialing for . . . professional purposes shall offer such examinations . . . in a place and manner accessible to persons with disabilities or offer alternative accessible

2

arrangements for such individuals." 42 U.S.C. § 12189. To the extent that this provision applies to mental or physical competency exams, and the Court is not sure it does, Schroyer has simply not alleged anything that violates the law. He does not allege that the defendants refused to conduct their evaluation "in a place and manner accessible to persons with disabilities" or that they failed to "offer accessible arrangements for such individuals." Again, he merely disagrees with the defendants' conclusions.

Simply put, even if everything Schroyer alleges is true, it does not amount to a violation of Title III of the ADA. Without this federal claim, the Court has no basis under 28 U.S.C. § 1367(a) to exercise supplemental jurisdiction over Schroyer's state law claim. Thus, Schroyer has failed to state a claim that can be heard before this Court. The Court therefore **DENIES** Schroyer's motion for leave to proceed *in forma pauperis* (Doc. 4), **DISMISSES** this case **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and **DIRECTS** the Clerk of Court to enter judgment accordingly. Schroyer's motion for a temporary restraining order and preliminary injunction (Doc. 2), motion for service of process at the government's expense (Doc. 3) and motion for appointment of counsel (Doc. 5) are **DENIED as moot** in light of the dismissal of this case.

**IT IS SO ORDERED.**
**DATED:  August 4, 2006**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**