UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY A. SCHROYER, M.D.,

    Plaintiff,

  v.

DR. STAFFORD HENRY and RUSH
BEHAVIORAL HEALTH, INC.,

    Defendants.

Case No. 06-cv-592-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Gregory A. Schroyer's ("Schroyer") motion for reconsideration (Doc. 8) of the Court's order (Doc. 6) denying his motion for leave to proceed *in forma pauperis* (Doc. 4) and dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court construes the motion to be pursuant to Federal Rule of Civil Procedure 59(e) because it was filed within ten days of entry of judgment. Where a substantive motion for reconsideration is filed within ten days of entry of judgment, the Court will construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533. 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). "Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence." *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998)).

In this case, Schroyer has not presented any evidence or argument showing that the Court made a manifest error of law in its prior ruling finding that Shroyer had failed to state a claim

against the defendants.  He has also not cited any intervening change in the controlling law, and has not presented any newly discovered evidence.  For this reason, the Court finds that reconsideration under Rule 59(e) is inappropriate and hereby **DENIES** Shroyer's motion for reconsideration (Doc. 8).

**IT IS SO ORDERED.**
**DATED:  August 23, 2006**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**